UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

LJ LEFLORE,
          Plaintiff,
   v.

Case No. 2014-CV-0153

GREEN TREE SERVICING LLC,
          Defendant.

**MOTION FOR JUDGMENT ON THE PLEADINGS PER FRCP 12(C)**

      Plaintiff LJ LeFlore in this action alleges violations of the Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and a pendant claim based on Wis. Stat. § 706.13(1) – Slander of Title, involving the defendant's efforts to collect on a mortgage and note for his home in Milwaukee that burned down in early 2011.

      Jurisdiction is present under 28 U.S.C. §§ 1331 involving two federal claims and a pendant state law claim.

      FRCP 12(c) allows any party to move for a judgment on the pleadings.

      Defendant Green Tree acknowledges in the answer that it is the "assignee" of a purported mortgage and note given by the LeFlore to Bank of America (BOA), the mortgage having been assigned to Green Tree after two lawsuits brought by BOA against LeFlore in Milwaukee County that were voluntarily dismissed by BOA. See: Complaint & Answer, ¶15, second sentence. The facts stated in the complaint are incorporated herein by reference, in specific the allegations contained in paragraphs 11-14 of the Complaint and Exhibits 3-4. The facts related to this motion are acknowledged in the

1

Answer and they are not disputed.  The only dispute involves the legal effect to be given the prior lawsuits.

LeFlore, for his part, contends that BOA's two earlier failed lawsuits bar any further effort to collect on the purported debt.  LeFlore therefore moves for a judgment on paragraphs 11-14 of his complaint, that any efforts by Green Tree as "assignee" to collect on BOA's purported mortgage and note are barred by the "two-strike" rule.

<u>The Two Dismissal Rule Bars Legal Efforts to Enforce the Purported Debt</u>

BOA sued LeFlore in a foreclosure and debt collection action entitled, *Bank of America Et al v. LJ LeFlore*, Milwaukee County Circuit Court Case Number 12-CV-4225.  BOA voluntarily dismissed that case with prejudice by an order of the Honorable Judge Jane Carroll dated September 28, 2012, giving BOA the right to reopen only with the court's permission.  See Complaint, Exhibit 3.  BOA subsequently sued LeFlore in a second foreclosure and debt collection action entitled, *Bank of America Et al v. LJ LeFlore*,  Milwaukee County Circuit Court Case Number 12-CV-13785, involving a different case number, a different judge, but the exact same purported note and mortgage debt.   See Complaint, Exhibit 4. BOA failed to seek Judge Jane Carroll's permission to file the second action and then BOA voluntarily dismissed the second action case by an order signed by the Honorable Judge Kevin Martens dated June 3, 2013.  Both of these actions and dismissals are acknowledged in Green Tree's Answer, ¶¶11-12.  BOA's first voluntary dismissal is now nearly two years old and BOA's second voluntary dismissal is now more than one year old.   Under Wis. Stats. § 806.07, there is no right to reopen a

judgment after one year for "mistake, inadvertence, surprise, or excusable neglect." Thus, Green Tree has no right to reopen the cases they voluntarily dismissed.

Wisconsin employs a "two strike" rule in Wis. Stats. §805.04(1), which states:

> "….a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court an action based on or including the same claim."

A litigant is only permitted to sue a person and voluntarily dismiss the case twice on the same claim, the second dismissal, even though voluntary, acts as a dismissal on the merits. This rule follows FRCP 41(a) (1). The rule exists, among other reasons, to deter serial litigation, judge shopping, and waste of judicial resources.

BOA gave voluntary dismissals on September 28, 2012 and June 3, 2013, in its first two actions to recover the note and mortgage. Under the plain language of Wis. Stats. §805.04(1) and FRCP 41(a)(1), BOA's previous two dismissals bar BOA and its agents, successor and assigns from collecting the note and mortgage asserted. This rule applies when the litigants are "substantially the same, or in privity." *Ogden Allied Security Services, Inc. v. Draper & Kramer,* 137 F.R.D. 259, 261 (N.D. Ill. 1991). The second notice of dismissal automatically operates as an adjudication of the merits, invalidating efforts to collect on the mortgage and note.

Green Tree is barred from collecting the mortgage and note due to the two-strike rule. Bank of America brought two separate actions on the mortgage and note, both of which it voluntarily dismissed, involving the exact same claims. The second voluntary dismissal operates as an adjudication of the merits. BOA's previous two dismissals bar Green Tree as assignee from asserting in a third action that the mortgage and note is

3

owed.  Dismissal of the first two actions placed Green Tree as "assignee" squarely within the plain language of the "two dismissal" rule.

Wherefore, LeFlore seeks a judgment on the pleadings finding that any attempt to recover on the mortgage and note by Green Tree is barred by the two strike rule, and that therefore the mortgage and debt now being asserted by Green Tree in this lawsuit are not valid.

Per LR 7.1, I certify that no additional brief or other documents outside of the pleadings will be filed with this motion.

Dated:  July 29, 2014.

                                                  s/     Kevin Demet
                                                  Kevin J. Demet
                                                  State Bar No. 1019051
                                                  Demet Law Firm LLP
                                                  2651 N. Downer Ave.
                                                  Milwaukee, WI  53211
                                                  Ph:  (414) 810-2255
                                                  kevindemet@gmail.com
                                                  www.kevindemet.com